IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| KARIN HARSING<br>Plaintiff<br>vs<br>REHAN NASEEM<br>Defendant | CIVIL 11-1240CCC |

## OPINION AND ORDER

Plaintiff Karin Harsing, a permanent resident alien of the United States living in Puerto Rico, with Estonian citizenship, brings this suit against her ex-husband Rehan Naseem, a United States citizen also living in Puerto Rico. The suit is brought pursuant to Chapter II, Section 213A of the Immigration and Nationality Act, 8 U.S.C. § 1183(a). The lawsuit seeks to enforce Naseem's obligations under the law to financially support his ex-wife.

Before the Court is Plaintiff's Motion for Summary Judgment (**docket entry 16**) and defendant's Response to Summary Judgment (**docket entry 15**)[1]. The response, in pertinent part, reads as follows:

    1 – Plaintiff has filed today a Motion for Summary Judgment.

    2 – The Statement of Undisputed Material Facts filed as an Addendum to the petition for Summary Judgment is Correct and cannot be contravened by defendant.

    3 – The Parties were divorced in Pakistan on the 28th of January 2011.

    4 – In view of the aforementioned, defendant Naseem will not file any other response to the petition for Summary Judgment.

Response, at 1.

**Summary Judgment Standard**

Summary Judgment "is proper if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that the moving party is

---

[1] The response, filed through CM/ECF, appears on the docket before the pro se, paper copy was entered by a docket clerk.

CIVIL 11-1240CCC						2

entitled to a judgment as a matter of law." Rule 56 of the Federal Rules of Civil Procedure; Eileen McCarthy v. Northwest, 56 F.3d 313 (1st Cir. 1995). The nonmoving party must establish the existence of at least one factual issue that is both genuine and material to defeat a properly supported motion. Brennan v. Hendrigan, 888 F.2d 129 (1st Cir. 1989).

The role of a Motion for Summary Judgment is to "pierce the boilerplate of the pleadings and assay the parties proof in order to determine whether trial is actually required." Wynne v. Tufts University, 976 F.2d 791, 794 (1st Cir. 1999).

Although a Court analyzing a summary judgment motion must look at the record in the light most favorable to the non-moving party, the Court may not rely merely on unsubstantiated allegations. Rather, the non-moving party may only overcome a summary judgment motion upon presentation of proof sufficient to raise a genuine issue of material fact. See Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988); Cruz v. Crowley Towing, 807 F.2d 1084 (1st Cir. 1986). Said another way, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion [. . .]." Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

**Analysis**

Defendant having accepted plaintiff's statement of material facts, and made no arguments regarding the applicable law, the Court makes the following findings of fact and conclusions of law:

The parties were officially married on September 9, 2009 in Pakistan. (Plaintiff's affidavit, at ¶5). After their return to Puerto Rico, Naseem petitioned to adjust Harsing's immigration status to a permanent resident, signing and submitting, among the documents, an Affidavit of Support, United States Customs and Immigration Service (USCIS) Form I-864. (Ex. 2 - Affidavit of I-864). Signing the Form I-864 creates a contract between the applicant, in this case defendant, and the United States Government:

> The intending immigrant's [Harsing] becoming a permanent resident is the "consideration" for the contract.

CIVIL 11-1240CCC                              3

>   Under the contract, you [Naseem] agree that, in deciding whether the intending immigrant can establish that he or she is not inadmissible to the United States as an alien likely to become a public charge, the U.S. Government can consider your income and assets to be available for the support of the intending immigrant.

I-864 Affidavit, Ex. 2, at 6.  The form further provides, in pertinent part:

>   If an intending immigrant becomes a permanent resident in the United States based on a Form I-864 that you have signed, the, until your obligations under the Form I864 terminate, you must:
>
>   – Provide the intending immigrant any support necessary to maintain him or her at an income that is at least 125 Percent of the Federal Poverty Guidelines for his or her household size . . . .

Id.

At page 7 of the form, under the topic "When Will These Obligation End?," there is a sentence that reads, "[n]ote that divorce **does not** terminate you obligations under this Form I-864." (Emphasis in the original).  Pursuant to 8 U.S.C. § 1183a(a)(1)(B),[5] the Affidavit of Support filed on behalf of an immigrant by his or her sponsor is an enforceable contract.

Based on plaintiff's marriage to defendant, and as a result of the adjustment of status petition, Harsing was granted permanent resident status of the United States on May 6, 2010.  (Plaintiff's affidavit, *supra*, at ¶7).  The parties separated on January 16, 2011. (Id., at ¶8).  Harsing has lived with friends in Carolina, Puerto Rico since the separation and has not received any kind of financial support from the defendant since January 16, 2011. (Id., at ¶9).  She has not been employed since her separation through the date of her affidavit in support of the summary judgment motion, December 23, 2011.  Id., at ¶11).

For the above-stated reasons, plaintiff's Motion for Summary Judgment (**docket entry 16**) is GRANTED.  We find defendant Rehan Naseem liable for the past-due support

---

[5]This section provides in pertinent part:  "No affidavit of support may be accepted . . . to establish that an alien is not excludable as a public charge . . . unless such affidavit is executed by a sponsor of the alien as a contract – (B) that is legally enforceable against the sponsor by the sponsored alien . . . ."

CIVIL 11-1240CCC                              4

of plaintiff Karin Harsing since January 16, 2011, and for future support until such time as the obligation ends.[6] Pursuant to Form I-864P, the Immigration Services' Poverty Guidelines for 2011, 125 percent of the poverty line for Puerto Rico is $13,812.00. Therefore, defendant shall pay to plaintiff the sum of $13,812.00 for the year ending January 16, 2011, and 1/12 of that amount, $1,151.00 monthly on the 16th, thereafter, until such time that his obligation to do so ceases.

      SO ORDERED.

      At San Juan, Puerto Rico, on January 18, 2012.

                                      S/CARMEN CONSUELO CEREZO
                                      United States District Judge

---

[6]As stated at page 7 of Form I-864, Naseem's obligations for support of Harsing will end when: (1) she becomes a U.S. citizen; (2) she has worked, or can be credited with, 40 quarters of coverage under the Social Security Act; (3) she no longer has lawful permanent resident status and has departed the United States; (4) she becomes subject to removal, but applies for and obtains in removal proceedings a new grant of adjustment of status, based on a new affidavit of support, if one is required; or (5) either one of them die.